IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAIME SARMIENTO ESPINOSA,

      Plaintiff,

v.                                                              No. CV 09-0393 JH/CEG

SANTA FE DETENTION CENTER
SANTA FE NEW MEXICO,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint alleges that, when Plaintiff was arrested and taken to a detention center in 2001, his personal property was taken from him, inventoried, and never returned.  According to documents attached to the complaint, when Plaintiff was transferred to federal custody in 2002, no accompanying property was listed.  In lieu of return of the property, Plaintiff asks that Defendants transfer $25,000 plus interest to his current prison account.

The resolution of Plaintiff's claim that Defendants confiscated his property is governed by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 534 (1984), which addressed the elements necessary to sustain a constitutional claim that the state has deprived an inmate of property without due process.  In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because the state could not control the random actions of state employees in losing or destroying property, the deprivation was not complete until the State failed or refused to provide an adequate post-deprivation remedy.

Here, as in *Hudson*, 468 U.S. at 534, state tort remedies are available to redress Plaintiff's alleged deprivation, and thus his due process rights were not violated even if the confiscation was intentional.  Plaintiff's allegations do not fall under the related rule that a § 1983 claim may be stated if a property deprivation is "not 'random and unauthorized' but pursuant to 'an affirmatively established or de facto policy, procedure, or custom.' "  *Abbott v. McCotter*, 13 F.3d 1439, 1442 n.3 (10th Cir. 1994) (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 939-40 (10th Cir.1989) (due process claim stated for seizure of account funds)).  Because Plaintiff's allegations of unauthorized confiscation of his property do not invoke the protections of the Due Process Clause, the Court will

dismiss his federal complaint with prejudice. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed in forma pauperis (Docs. 3, 6) are GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE